# EXHIBIT 12

WDC Letter dated April 1, 2026

EXHIBIT 12

# WASHOE DEVELOPMENT CORPORATION

April 1, 2026

**VIA E-MAIL**

Mr. Marvin Gates
Hobo Hot Springs, Self Storage, L.L.C.
Carson Valley/Tahoe Self Storage, L.L.C.
setagm@gmail.com

Re: B-206 Lease dated August 28, 1996 ("B-206 Lease"), the Amendment to Ground Lease No. B-206 dated as of March 23, 2015, (the "2015 B-206 Amendment"), B-224 Lease dated as of September 30, 1999, (the "B-224 Lease" and with the B-206 Lease, the "Ground Leases"), and the Amendment to Ground Lease No. B-224, dated as of March 23, 2015 (the "2015 B-224 Amendment", with the 2015 B-206 Amendment and the 2015 B-224 Amendment, the "2015 Amendments." and Carson Valley/Tahoe Self Storage, LLC and Hobo Hot Springs Self Storage, LLC, individually and collectively referred to herein as, "Self Storage")

Dear Mr. Gates:

Washoe Development Corporation ("WDC"), as successor in interest to Washoe Development Enterprise, has carefully reviewed the results of independent appraisals obtained in connection with the business operations ("Business Operations") currently conducted on the land the subject of the Ground Leases ("Land") and the improvements located thereon. WDC's independent appraisal does not support the valuation range proposed by Self Storage's appraisal. Furthermore, a financial analysis of WDC's appraisal and Self Storage's appraisal demonstrates that a payment in the amount for the Business Operations identified in either appraisal would not make continuation of the business by WDC financially viable, nor would it represent a sound use of tribal resources.

In addition, WDC has conducted a preliminary legal review of the Ground Leases and has identified conflicting provisions governing the disposition of improvements upon the expiration of the Ground Leases and the respective rights and obligations of the parties. WDC has also identified uncertainty regarding the current legal effectiveness of the Ground Leases and the 2015 Amendments. WDC is not in a position to address these matters further at this time, but wishes to place Self Storage on notice that these questions are under active consideration and that WDC's ultimate position with respect to these matters remains subject to further review and analysis. Nothing herein should be construed as WDC's final or complete statement of its position on any of these issues.

Notwithstanding the foregoing, and in recognition of the long-standing relationship between Self Storage and the Washoe Tribe of Nevada and California (the “Tribe”), WDC is prepared to engage in good-faith discussions with Self Storage regarding a negotiated resolution. In that spirit, and strictly without admission of any legal obligation to do so, subject to further discussion, WDC is willing to consider a “Transition Payment” to Self Storage in an amount to be further negotiated between the parties. The Transition Payment is intended solely to facilitate a cooperative and orderly transition away from the current Business Operations conducted by Self Storage, for the mutual benefit of both parties. The Transition Payment would be subject to the following conditions: (a) Self Storage’s cooperation in the smooth transition of the third-party customer storage contracts to WDC or its designee; (b) Self Storage’s assistance in training WDC's or its designee's new staff in connection with the operation of the storage facility, if requested by WDC; (c) the execution and delivery by Self Storage to WDC of a recordable quitclaim deed releasing all of Self Storage’s right, title and interest in the Land and the improvements thereon, and (d) the removal by Self Storage of all of Self Storage’s personal property located on the Land. This proposal is made solely in the interest of reaching a negotiated resolution and shall not be construed as an admission of any obligation on WDC's part, whether under the Ground Leases or otherwise.

If Self Storage does not wish to transfer such business contracts to WDC, WDC expects that Self Storage shall: (i) vacate the Land; (ii) execute and deliver to WDC a recordable quit-claim deed releasing all of Self Storage’s right, title and interest in the improvements on the Land; and (iii) arrange for the removal of all personal property (including the personal property of third parties pursuant to Self Storage’s storage contracts with such parties) located on the Land.

WDC is presently conferring internally with the Washoe Tribe of Nevada and California and the Bureau of Indian Affairs to discuss next steps with respect to the Ground Leases and the Land. WDC will be in further contact with you upon the conclusion of those discussions.

Please respond to this letter no later than May 31, 2026, indicating how Self Storage wishes to proceed.

This letter does not contain a full statement of facts or an offer, which will be the subject of further discussions. Furthermore, nothing in this letter shall constitute a waiver of any rights, claims, or defenses available to WDC under the Ground Leases, applicable federal law, equity or otherwise, all of which are expressly reserved.

WDC thanks Carson Valley/Tahoe Self Storage, L.L.C. and Hobo Hot Springs Self Storage, L.L.C. for its business over the years. WDC looks forward to hearing from you how Self Storage wishes to proceed.

Sincerely,

*Wendy Loomis*

Wendy Loomis
WDC President