# EXHIBIT 13

CCTVSS/HHSS Letter dated April 17, 2026

EXHIBIT 13

Bernard
Law Office, PC

Maximilian Bernard, Attorney at Law
CA Bar No: 351966
max@bernardlawoffice.org

Edward Bernard, Attorney at Law, Of Counsel
CA Bar No: 70156
ed@bernardlawoffice.org

703 2nd Street, Suite 114
Santa Rosa, CA 95404
707-843-6913

April 17, 2026

To: Wendy Loomis, President
Washoe Development Corporation
wloomis@wdc-washoe.com

CC: Alex Fugazzi, Attorney at Law, Litigation Counsel
Snell and WIlmer
afugazzi@swlaw.com

**Re: Response to WDC Letter Dated April 1, 2026**

Definitions

1. The Term "WDC" shall mean the Washoe Development Corporation
2. The term "BIA" shall mean the Bureau of Indian Affairs.
3. The term "Ground Lease(s)" shall mean Lease No. B-206, as executed on August 28, 1996, approved by the BIA on December 18, 1996, amended and approved by the BIA on March 18, 2015; AND Lease No. B-224 as executed on September 30, 1999, approved by the BIA on October 6, 1999, as amended and approved by the BIA on March 18, 2025.
4. The term "Self Storage" shall mean Hobo Hot Springs, LLC and Carson Valley/Tahoe Self Storage, LLC.
5. The term "Leased Premises" shall mean the premises leased by Self Storage as described in the Ground Leases.

Dear Mrs. Loomis,

Please be aware that we represent Self Storage as their general corporate counsel. We look forward to working with WDC toward a resolution that honors the long standing relationship both parties have built.

Before addressing the substance of your letter, we wish to acknowledge the significance of that relationship. Self Storage and its principals have worked alongside WDC, and its predecessor Washoe Development Enterprise, for nearly thirty years. During that time, Self Storage has made substantial capital investments in the improvements on the Leased Premises, operated its facilities in full compliance with the Ground Leases and paid considerable rent throughout the term. It is in that same spirit of good faith that we write today.

WDC's above-mentioned letter advises that its independent appraisal does not support the valuation range proposed by Self Storage's appraisal, and references a financial analysis concluding that performance would not be financially viable. The Ground Leases do not permit either party to substitute its own financial conclusions for the binding appraisal mechanism the parties agreed to. Upon expiration of the Ground Leases, which will occur on October 5, 2026, there is a mandatory obligation on WDC to complete the purchase of the improvements and business. (See Article II, Ground Leases). Article 2.04 of the Ground Leases clearly states that WDC "shall purchase" at a price determined through the appraisal methodology set forth in Article 2.03. This is not discretionary, and WDC's view of valuation does not relieve it of that obligation. Self Storage expects full and timely performance.

The Ground Leases establish a specific and mandatory process for determining the purchase price of the business opportunity and improvements. Article 2.03 states the following:

> "...the Lessor's purchase price will be the value of the business as determined by two (2) MAI (Member of Appraisal Institute) appraisers, selected individually by each party. Each appraiser's fee and costs will be born and paid by the party selecting the appraiser. If the two (2) appraisers shall agree on the value of the business, said agreed value will be binding. In the event that there is a difference in the appraised value of less than $500,000.00, then the difference would be split evenly. If the difference in the value is greater than $500,000.00, then the appraisers will select a third appraiser to resolve the difference. The cost of the third appraiser will be split evenly between the Lessor and Lessee."

To date, WDC has failed to provide its appraisal values. Self Storage has previously shared their appraiser's valuation with WDC and has enclosed a complete copy of its appraisal report with this letter to provide full transparency into the methodology underlying that valuation. We demand that WDC provide Self Storage with complete copies of all appraisal reports within 30 days of this letter in order for both parties to participate in the process the Ground Leases require.

Additionally, WDC's references to unspecified conflicting provisions and unidentified legal concerns are insufficient to excuse performance. Self Storage's position is unambiguous: the Ground Leases are valid, legally effective, and binding instruments. The original Ground Leases were executed in accordance with applicable federal regulations, with the approval of the Secretary of the United States Department of the Interior. The 2015 Amendments were executed in the same manner.

Self Storage is currently not in a position to accept a transition payment or any other arrangement that does not account for the value of the improvements as determined through the contractual appraisal process, nor can it negotiate meaningfully without first receiving the appraisal reports to which it is entitled.

Please respond in writing no later than 30 days with copies of your appraisals, failure to do so constitutes breach of contract and Self Storage and its litigation counsel will act accordingly. Furthermore, Self Storage and WDC agreed to have disputes decided by AAA Arbitration that is binding and enforceable by a court of competent jurisdiction.

Nothing in this letter constitutes a waiver of any rights, claims, or defenses available to Self Storage under the Ground Leases, applicable federal law, equity, or otherwise, all of which are expressly reserved. Please direct any further correspondence regarding the topics discussed herein to our office.

Sincerely,

// S //

Edward Bernard, Attorney at Law