# EXHIBIT 17

WDC Letter dated July 7, 2026

EXHIBIT 17

Sheppard

July 7, 2026

+1.858.720.7408
khoush@sheppard.com

File Number: 83HX-443167

**VIA E-MAIL / CERTIFIED MAIL / PERSONAL DELIVERY**

Paloma Scheiferstein
Snell & Wilmer L.L.P.
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
pscheiferstein@swlaw.com

Edward Bernard
Bernard Law Office, P.C.
703 2nd Street, Suite 114
Santa Rosa, CA 95404
ed@bernardlawoffice.org

**Re: Formal Section 2.03 Notice of Intent to Consider Purchase and Initiate Appraisal — Ground Lease Nos. B-206 and B-224; Reservation of All Rights and Defenses**

Dear Ms. Scheiferstein and Mr. Bernard:

We write on behalf of Washoe Development Corporation ("WDC")[1] and the Washoe Tribe of Nevada and California ("Tribe")[2], with respect to the following ground leases: (1) Ground Lease No. B-206 (the "B-206 Lease") between Washoe Development Enterprise ("WDE") and Carson Valley/Tahoe Self-Storage, LLC ("Carson Valley") for the Plymouth Road #1 premises, and (2) Ground Lease No. B-224 (the "B-224 Lease," together with the B-206 Lease, the "Ground Leases") between WDE and Hobo Hot Springs Self Storage, LLC ("Hobo Hot Springs," together with Carson Valley, "Tenants") for the Hot Springs Road #2 premises, as purportedly amended in 2015 (the "2015 Amendments").

---

[1] WDC is joining this Notice solely in its capacity as the entity appointed by the Washoe Tribal Council to oversee the Ground Leases pursuant to Resolution No. 2022-06-WTC-134. The contractual notice of intention to consider purchasing set forth herein is given by the Tribe as purported "Lessor" under the 2015 Amendments, and nothing herein shall be construed as an acknowledgment by WDC that it is a party to the Ground Leases or the 2015 Amendments or has assumed the Lessor's obligations thereunder.

[2] WDC is a federally chartered tribal corporation organized under its corporate charter federally approved by the Secretary of the Interior pursuant to 25 U.S.C. § 5124 (formerly 25 U.S.C. § 477), and wholly owned by the Tribe, a federally recognized Indian tribe.

## I. PURPOSE OF THIS NOTICE

Pursuant to Sections 2.03 and 2.04 of each of the Ground Leases (as purportedly amended by the 2015 Amendments), this letter serves as formal written notice ("Notice") of the Tribe's intention to consider purchasing the assets and liabilities of the Tenants' businesses.

For the avoidance of any doubt, this Notice is being provided without prejudice to WDC's and the Tribe's positions that: (a) the 2015 Amendments were never validly formed or made effective, including for lack of required Bureau of Indian Affairs ("BIA") approval; and (b) the Section 2.04 mandatory purchase framework is not valid or enforceable. WDC and the Tribe reserve all rights, objections, and defenses, including but not limited to those raised in the June 22, 2026 letter ("Objection") submitted in the American Arbitration Association ("AAA") proceeding.

In accordance with applicable rules of professional conduct, this Notice is being delivered to counsel for Tenants rather than directly to Tenants. WDC and the Tribe reserve all rights with respect to the adequacy of service through counsel in the event Tenants' counsel is not authorized to accept contractual notices on Tenants' behalf.

## II. MECHANICS OF SECTION 2.03 AND SECTION 2.04 OF THE GROUND LEASES

The Ground Leases purport to establish a mandatory purchase obligation only "upon expiration" of the leases, with the purchase price to be determined consistent with Section 2.03. According to Tenants' Demand in the AAA proceeding, the Ground Leases do not expire until October 5, 2026.[3]

Section 2.03 of the B-206 Lease provides that Lessor shall give Lessee written notice of its intention to consider purchasing the assets and liabilities of the subject business at least ninety (90) days before but no more than one hundred eighty (180) days before the expiration of the twentieth year of the original term of the Lease, or at least ninety (90) days but no more than one hundred eighty (180) days before the expiration of any fifth year thereafter, whether during the original term or any extension thereof. Section 2.03 of the B-224 Lease contains materially identical timing requirements, providing that notice must be given no later than ninety (90) days before, but no earlier than 180 days before, the applicable expiration date.

Pursuant to Article II of the purported 2015 Amendment to the B-206 Lease, the term of that Lease is extended for a period commencing on December 18, 2016, and expiring at midnight on October 5, 2026. Pursuant to Article II of the purported 2015 Amendment to the B-224 Lease, the term of that Lease is extended for a period of twelve years from the original expiration date, commencing on October 6, 2014, and expiring at midnight on October 5, 2026. Assuming *arguendo* the validity of those 2015 Amendments, and assuming accordingly that both Ground Leases expire on October 5, 2026, the last day within the contractual notice

---

[3] Again, WDC and the Tribe have serious concerns about whether the 2015 Amendments, which purported to extend the terms of the Ground Leases, are valid and therefore whether the Ground Leases are even in effect at this time. The effectiveness of the 2015 Amendments was expressly conditioned upon BIA approval. There is no evidence that the BIA ever approved the 2015 Amendments.

window prescribed by Section 2.03 of each Lease is today, July 7, 2026, which falls exactly ninety (90) days before the October 5, 2026 expiration date.

Section 2.04 of the B-206 Lease provides that, upon expiration of the Lease or any extension thereof, and in order to compensate Lessee for the value of improvements made upon Lessor's property, Lessor shall purchase from Lessee the then existing business opportunity on the Leased Premises, including improvements placed thereon by Lessee, for a price to be determined by, and in a manner consistent with, Section 2.03. Section 2.04 of the B-224 Lease contains identical language, purportedly requiring Lessor, upon expiration of the Lease or any extension thereof, to purchase from Lessee the then existing business opportunity on the Leased Premises, including improvements placed thereon by Lessee, for a price to be determined by, and in a manner consistent with, Section 2.03.

Accordingly, assuming *arguendo* that Sections 2.03 and 2.04 of the Ground Leases and the 2015 Amendments thereto are valid and enforceable and without prejudice to the positions set forth in the Objection and while reserving all rights, WDC and the Tribe hereby provide the following formal Notice under Sections 2.03 and 2.04 of each Ground Lease of the Tribe's intention to consider purchasing the assets and liabilities of each of Tenants' businesses.

## III. FORMAL SECTION 2.03 NOTICE

### A. Ground Lease No. B-206 — Carson Valley/Tahoe Self-Storage, LLC

Pursuant to Section 2.03 of Ground Lease No. B-206, WDC and the Tribe hereby give written notice to Carson Valley of the Tribe's intention to consider purchasing the assets and liabilities of the self-storage business operated on the leased premises at Plymouth Road #1, pursuant to Section 2.04.

Within thirty (30) days after the serving of this Notice, the Lessor and Lessee shall each separately designate an appraiser. Pursuant to Article II of the purported 2015 Amendment, the purchase price will be the value of the business as determined by two MAI (Member of the Appraisal Institute) appraisers, selected individually by each party, with the cost of any necessary third appraiser to resolve differences greater than $500,000.00 to be split evenly between the parties.

WDC and the Tribe note that Section 2.03(a) of Lease B-224 provides that prior to Lessor exercising the option to purchase under Lease B-206 (Plymouth Road #1), Lessor must first consider purchasing, if it elects to do so, the assets of the Self Storage and R.V. Storage Facility covered by Lease B-224. WDC and the Tribe reserve all rights with respect to this contractual sequencing requirement, and nothing in this Notice of the Tribe's intention to consider purchasing under Lease B-206 shall be construed as a waiver of or election with respect to the sequencing provision of Section 2.03(a) of Lease B-224.

### B. Ground Lease No. B-224 — Hobo Hot Springs Self Storage, LLC

Pursuant to Section 2.03(a) of Ground Lease No. B-224, WDC and the Tribe hereby give written notice to Hobo Hot Springs of its intention to consider purchasing the assets and liabilities of the self-storage and R.V. storage facility operated on the leased premises at Hot Springs Road #2, pursuant to Section 2.04.

Within thirty (30) days after the serving of this notice, the Lessor and Lessee shall each separately designate an appraiser. Pursuant to Article II of the purported 2015 Amendment, the purchase price will be the value of the business as determined by two MAI (Member of the Appraisal Institute) appraisers, selected individually by each party, with the cost of any necessary third appraiser to resolve differences greater than $500,000.00 to be split evenly between the parties.

## IV. EXPRESS RESERVATION OF ALL RIGHTS AND DEFENSES

This Notice is provided strictly without prejudice to, and shall not constitute a waiver of, any of WDC's or the Tribe's rights, positions, objections, or defenses, including without limitation the following:

*Validity of the 2015 Amendments*. WDC and the Tribe expressly maintain and reserve their position that the 2015 Amendments to the Ground Leases were never validly formed or made legally effective — including, without limitation, for failure to obtain the required approval of the BIA, which each Amendment expressly stated was a condition to its effectiveness. Each 2015 Amendment expressly states that it "shall be effective upon approval by the BIA." Nothing in this Notice concedes that the 2015 Amendments are valid, that the Ground Leases have been extended through October 5, 2026, or that either Ground Lease remains in effect.

*Validity and Enforceability of Section 2.04.* WDC and the Tribe expressly reserve and maintain the position that the Section 2.04 mandatory purchase framework is not valid or enforceable, whether as a result of the invalidity of the 2015 Amendments, the lack of any applicable body of law governing the formation and enforceability of the relevant contractual provisions, the violation of federal leasing regulations, the unconscionability of Section 2.04, or for any other reason.

*All Rights, Objections, and Defenses in the Arbitration Proceeding.* WDC and the Tribe expressly reserve each and every right, objection, and/or defense raised in WDC's Objection, dated June 22, 2026, submitted in the AAA proceeding, including without limitation: (i) the objection to the jurisdiction of the AAA and any arbitral panel; (ii) the position that WDC is not a party to any arbitration agreement; (iii) the objection on the basis of sovereign immunity; (iv) the position that the arbitration demands are not ripe; (v) the position that the Section 2.03 appraisal process was never validly initiated, including because any prior purported notice was premature and outside the contractual notice window; and (vi) all other substantive and procedural rights, objections, and defenses set forth or referenced in WDC's Objection, all of which are incorporated herein by reference.

*No Concession Regarding Prior Notices.* The initiation of the Section 2.03 process by this Notice reflects WDC's and the Tribe's position that the Section 2.03 process was never previously and validly initiated. WDC's August 19, 2025 letter was sent approximately 413 days before the alleged October 5, 2026 expiration date of the Ground Leases, which is well outside the valid 180-day window prescribed by Section 2.03. Because WDC's prior notice was premature, the appraisal process was never validly initiated. This Notice constitutes the first valid initiation of the Section 2.03 process, and no party should construe anything in this notice as ratifying or validating any prior purported Section 2.03 notice or any appraisals conducted in connection therewith.

*No Waiver of Sovereign Immunity.* Nothing in this notice constitutes a waiver, express or implied, of the sovereign immunity of WDC or the Tribe.

*General Reservation.* Nothing in this letter, and no action taken by WDC, the Tribe, or counsel in connection with the Section 2.03 process or the pending AAA proceeding, shall be construed as: (i) consent to the jurisdiction of the AAA or any arbitral panel; (ii) a waiver of WDC's or the Tribe's sovereign immunity; (iii) submission to arbitration; (iv) an admission of any fact or legal conclusion; or (v) a waiver or relinquishment of any right, defense, claim, or counterclaim available to WDC or the Tribe in any forum.

## V. CONCLUSION

Please confirm receipt of this Notice and advise whether Tenants intend to designate their respective appraisers within the thirty (30) day period specified by Section 2.03 of each Ground Lease. Consistent with Section 2.03, and without prejudice to any of the reservations set forth herein, WDC and the Tribe intend to designate their own appraiser within the thirty (30) day period prescribed by Section 2.03 following service of this Notice and will advise Tenants' counsel of their designated appraiser in due course.

We remain available to confer regarding the orderly administration of the Section 2.03 appraisal process, consistent with the express reservations of rights set forth herein.

Respectfully,

Kristin P. Housh
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4902-4400-9913

cc: Alex Fugazzi, Esq.
Ed J. Hermes, Esq.
Christine Swanick, Esq.
Paul Tyson, Esq.
James Gatzke, BIA Acting Superintendent, Western Nevada Agency
james.gatzke@bia.gov
WesternNevadaAgency@bia.gov